IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**DARNELL L. HENSON, SR.,**           CASE NO. 3:24 CV 2089

    Plaintiff,

    v.                                           JUDGE JAMES R. KNEPP II

**HUNTER BAUM, et al.,**

    Defendants.                       **MEMORANDUM OPINION AND ORDER**

### INTRODUCTION

Currently pending in this civil rights action brought pursuant to 42 U.S.C. § 1983 is Defendant Sgt. Don Comes's Motion to Dismiss Plaintiff Darnell L. Henson's Amended Complaint as against him. (Doc. 30). Plaintiff has not filed a response to the motion and the time in which to do so has expired. *See* Local Rule 7.1(d) (providing 30 days to respond to a dispositive motion). Jurisdiction is proper under 28 U.S.C. § 1331. For the reasons set forth below, the Court grants Sgt. Comes's motion.

### BACKGROUND

This case arises out of a September 3, 2023, traffic stop of a vehicle driven by Plaintiff. In his Amended Complaint, Plaintiff alleges two Lucas County Sheriff's Office Deputies stopped him. (Doc. 11). He asserts the Deputies "prolonged the traffic stop" to involve Sgt. Comes, who himself "was out of his jurisdiction[,]" to "perform an[] unlawful and unconstitutional search of [Plaintiff] and [his] property[.]" *Id.* He references the case of *Rodriguez v. United States*. *Id.* In a supplement, Plaintiff asserts the Deputies "held [him] 'against [his] will'" for "approximately 45 min[utes]." (Doc. 12).

Although the Amended Complaint does not reference it, Sgt. Comes points out Plaintiff's original Complaint alleged Sgt. Comes was called to the scene with his canine to perform a sniff of the vehicle and that Sgt. Comes had indicated the dog "hit on something." (Doc. 1, at 27).[1]

The passenger in the vehicle also filed her own cases relative to the same traffic stop, each of which was also removed to this Court. *See Walker v. Danielski, et al.*, No. 24 CV 2091 (N.D. Ohio); *Walker v. Comes, et al.*, No. 25 CV 35 (N.D. Ohio); *Walker v. Lucas Cnty. Sheriff's Dep't.*, No. 25 CV 36 (N.D. Ohio). This Court previously granted a motion to dismiss similar claims the passenger asserted against Sgt. Comes. *See Walker v. Danielski*, 2025 WL 2021396, at *9-11 (N.D. Ohio).

**STANDARD OF REVIEW**

A motion for judgment on the pleadings under Federal Civil Rule 12(c) is reviewed under the same standard as a Rule 12(b)(6) motion. *Coley v. Lucas Cnty.*, 799 F.3d 530, 536-37 (6th Cir. 2015). When considering either a Rule 12(b)(6) or 12(c) motion, this Court presumes all well-pleaded factual allegations of the pleadings are true and draws all reasonable inferences in the non-moving party's favor. *Total Benefits Plan. Agency v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

Additionally, *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers. *See El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008). However, the "lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413,

---

1. Sgt. Comes states that "[d]ue to the 'less stringent' pleading standard for pro se filings, Sgt. Comes will address the Amended Complaint as if the K-9 sniff allegations from the original Complaint were incorporated." (Doc. 30, at 5).

416 (6th Cir. 1996). Liberal construction for *pro se* litigants does not "abrogate basic pleading essentials[.]" *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The Court is not required to "conjure up unpleaded facts" or construct claims against defendants on behalf of a *pro se* plaintiff. *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (internal quotation and citation omitted); *Bassett v. Nat'l Coll. Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008); *Pliler v. Ford*, 542 U.S. 225, 231 (2004) (district courts "have no obligation to act as counsel or paralegal to *pro se* litigants"); *Payne v. Sec'y of Treasury*, 73 F. App'x 836, 837 (6th Cir. 2003) (district courts are not "required to create" a *pro se* litigant's claim for him). Rather, the complaint must give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 724 (6th Cir. 1996). The complaint must still "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Barnett v. Luttrell*, 414 F. App'x 784, 786 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

## DISCUSSION

Sgt. Comes moves to dismiss the claims against him, arguing Plaintiff has not pled a plausible constitutional claim. *See* Doc. 30, at 4-5. He further contends he is entitled to qualified immunity for any claim that he acted outside his jurisdiction. *Id.* at 6-7. Sgt. Comes cites this Court's prior opinion in *Walker v. Danielski* and its determination that he was entitled to dismissal of claims based on factually similar allegations by the passenger in the vehicle. The Court agrees that Sgt. Comes is entitled to dismissal of Plaintiff's claims here as well.

To state a cause of action under § 1983, a plaintiff must plead two elements: "(1) deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008). To sufficiently plead the second element, a plaintiff must allege

"personal involvement[.]" *Grinter*, 532 F.3d at 575 (citation omitted). To do so, "a plaintiff must [allege] that the official either actively participated in the alleged unconstitutional conduct or 'implicitly authorized, approved[,] or knowingly acquiesced in the alleged unconstitutional conduct of an offending subordinate.'" *Webb v. United States*, 789 F.3d 647, 659 (6th Cir. 2015) (quoting *Scott v. City of Cleveland*, 555 F. Supp. 2d 890, 896 (N.D. Ohio 2008)); *see also Iqbal*, 556 U.S. at 676 ("A plaintiff must plead that *each* Government-official defendant, through the official's *own individual actions*, has violated the Constitution.") (emphasis added).

The defense of qualified immunity shields government officials performing discretionary functions where their "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). This defense "can be raised at various stages of the litigation including at the pleading stage in a motion to dismiss[.]" *English v. Dyke*, 23 F.3d 1086, 1089 (6th Cir. 1994). When a defendant raises qualified immunity, the burden shifts to the plaintiff to show "both that the challenged conduct violated a constitutional or statutory right, and that the right was so clearly established at the time of the conduct 'that every reasonable official would have understood that what he was doing violated that right.'" *T.S. v. Doe*, 742 F.3d 632, 635 (6th Cir. 2014) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)) (citation modified).

Three principles guide the Court's analysis here. First, "[g]enerally, a dog sniff does not require separate reasonable suspicion because it is not a search under the Fourth Amendment." *United States v. Stepp*, 680 F.3d 651, 663 (6th Cir. 2012) (citing *Illinois v. Caballes*, 543 U.S. 405, 409 (2005)). Second, however, officers may not prolong a traffic stop to have a drug dog sniff a car—a crime detecting action not ordinarily incident to a traffic stop—absent independent reasonable suspicion to detain the motorist. *Rodriguez v. United States*, 575 U.S. 348, 354-57

(2015). Third and finally, "[a]n alert to the presence of drugs by a properly trained narcotics detection dog is sufficient to establish probable cause to search a vehicle." *United States v. Sharp*, 689 F.3d 616, 618 (6th Cir. 2012); *Nykoriak v. Wileczek*, 666 F. App'x 441, 445 (6th Cir. 2016) ("[T]he positive indication by the canine was sufficient to establish probable cause for the presence of a controlled substance to justify the warrantless search of [the] vehicle.") (internal quotations and citation omitted).

The specific allegations Plaintiff asserts as to Sgt. Comes are simply that Comes arrived at the request of Lucas County Deputies and, if considering the allegations in the original complaint, had his canine officer conduct a sniff of the vehicle. He asserts the Lucas County Deputies "prolonged the traffic stop" to involve Sgt. Comes, who himself "was out of his jurisdiction[,]" to "perform an[] unlawful and unconstitutional search of [Plaintiff] and [his] property[.]" (Doc. 11).

First, as in the *Walker* cases, although Plaintiff alleges the stop was unlawfully prolonged for the dog sniff, "a canine sniff is not a search within the meaning of the Fourth Amendment[.]" *United States v. Reed*, 141 F.3d 644, 650 (6th Cir. 1998); *Stepp*, 680 F.3d at 663. Thus, to the extent Plaintiff alleges there was a dog sniff and the sniff itself violates the Fourth Amendment, such a claim does not state a constitutional violation.

Second, Plaintiff cites *Rodriguez*, which stands for the proposition that police may not extend an otherwise-completed traffic stop, absent reasonable suspicion, in order to conduct a dog sniff. 575 U.S. at 354-57. But the Complaint contains no factual allegations plausibly alleging Sgt. Comes took any action that unreasonably prolonged the stop; instead, it simply alleges Sgt. Comes arrived at the Lucas County Deputies' request. Plaintiff's allegations place responsibility for the alleged prolonging of the stop on the County Deputies who initiated it.

5

Thus, the Court finds Plaintiff has not plausibly pled a clearly established constitutional violation to support a § 1983 claim against Sgt. Comes. *Cf. Lea v. Conrad*, 2022 WL 4279728, at *7 (W.D. Ky.) (finding, albeit at the summary judgment stage, that the plaintiff "ha[d] not pointed to evidence in the record that [the officer], arriving to the scene after the stop in a support role as a K9 handler, reasonably knew that he was extending the traffic stop beyond a constitutionally permissible length. [The officer] is therefore entitled to qualified immunity.").

Further, Sgt. Comes is also entitled to qualified immunity on Plaintiff's claim that he acted outside of his territorial jurisdiction. As the Court explained in the *Walker* cases, even assuming Sgt. Comes acted outside his territorial jurisdiction, he violated no clearly established constitutional right in doing so. The Ohio Supreme Court has held that a law enforcement officer who observes a traffic violation outside his jurisdiction has probable cause to make a traffic stop and such a stop does not violate the Fourth Amendment. *State v. Jones*, 121 Ohio St. 3d 103, 106-09 (2009). And various courts have explained that, even if a traffic stop violates state law, that does not mean it violates the federal Constitution. *See, e.g.*, *Virginia v. Moore*, 553 U.S. 164, 172 (2008) (noting that while local law enforcement practices might "vary from place to place and from time to time, Fourth Amendment protections are not so variable[.]") (internal quotation and citation omitted); *id.* at 176 ("[L]inking Fourth Amendment protections to state law would cause them to vary from place to place and from time to time.") (internal quotation and citation omitted). Plaintiff has pointed to no clearly established law holding otherwise. As such, the Court finds Sgt. Comes is entitled to qualified immunity and dismissal of any claim based on allegations he was acting outside his territorial jurisdiction.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

6

ORDERED that the Sgt. Comes's Motion to Dismiss (Doc. 30) be, and the same hereby is, GRANTED; and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

s/ *James R. Knepp II*  
UNITED STATES DISTRICT JUDGE

Dated: October 10, 2025